**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **K.L. and D.L. Jr.**

**No. 20-1034** (Randolph County 19-JA-117 and 19-JA-118)

**MEMORANDUM DECISION**

Petitioner Father D.L. Sr., by counsel Morris C. Davis, appeals the Circuit Court of Randolph County's November 20, 2020, order terminating his parental rights to K.L. and D.L. Jr.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Heather M. Weese, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in failing to rule upon his motion for an improvement period for more than eleven months.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2019, the DHHR filed a child abuse and neglect petition alleging that petitioner permitted the children to remain in the custody of an inappropriate caregiver, their maternal grandmother, since 2016. According to the DHHR, petitioner knew of the inappropriate conditions in the grandmother's home, including her physical abuse of the children. During its investigation, the DHHR interviewed D.L. Jr. and K.L., who confirmed the grandmother's physical abuse, among other conditions. When asked about petitioner, D.L. Jr. disclosed that he witnessed petitioner smoke marijuana and that petitioner does "bad things." Regarding petitioner, the DHHR alleged that he was under indictment for possession with the intent to deliver methamphetamine

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner does not assign as error the termination of his parental rights.

1

and conspiracy but had posted bond in December of 2018. The DHHR also alleged that petitioner owed $1,911.13 in child support arrearages for the children.

At the preliminary hearing held in September of 2019, the court ordered petitioner to undergo random drug screening through the "Call-To-Test program" with North Central Community Corrections ("North Central"), which required petitioner to abstain from drugs and alcohol. The circuit court held an adjudicatory hearing in January of 2020, wherein petitioner stipulated that he had a substance abuse problem that impaired his ability to care for his children. He further stipulated that he knowingly left the children in an unsuitable home with S.S. The circuit court accepted petitioner's stipulation and adjudicated him as an abusing parent. The same day, petitioner moved for a post-adjudicatory improvement period. At a status hearing in February of 2020, the court held petitioner's motion for an improvement period in abeyance and adjudicated the mother as an abusing parent.

In July of 2020, the circuit court held a dispositional hearing and terminated the mother's parental rights. The circuit court took evidence regarding whether to grant petitioner an improvement period. The DHHR presented the testimony of Erin Goldon of North Central. She testified that petitioner started drug screening in the "Call-To-Test program" in October of 2019, and that he had largely complied with drug screening until March of 2020, when his participation became sporadic. During March, April, May, and June of 2020, petitioner missed twenty-one drug screens. Petitioner tested positive for alcohol on December 26, 2019; January 15, 2020; March 4, 2020; and June 1, 2020.  Petitioner's drug screens since May of 2020 were positive for marijuana and petitioner admitted to using the substance. Petitioner testified that he was working thirty to forty hours a week and was renting an apartment.  He stated that he had participated in supervised visitations and would cooperate with the terms and conditions of an improvement period if one were granted. On cross-examination, petitioner admitted to last using marijuana on July 1, 2020.

In response to petitioner's motion, the DHHR stated that while it did not oppose an improvement period, it noted that petitioner's criminal jury trial was originally set for April of 2020, but it had been delayed due to the COVID-19 judicial emergency. Ultimately, the court held petitioner's motion for an improvement period in abeyance. The circuit court noted that petitioner's continued drug use had potentially impacted his ability to aid his counsel in his defense. The court reasoned that the results of a competency evaluation could aid the court in determining whether petitioner could understand and participate in an improvement period. The court also noted that petitioner's criminal trial was set for the following month in August of 2020.

In October of 2020, the circuit court held a dispositional hearing. Petitioner failed to appear but was represented by counsel. Counsel proffered that he had spoken with petitioner forty-eight hours prior to the hearing and petitioner knew of the hearing. The DHHR argued in favor of its previously filed motion to terminate petitioner's parental rights. The circuit court took judicial notice of the evidence produced at the July of 2020 hearing. Erin Goldon of North Central testified that petitioner continued to test positive for marijuana and alcohol in July, August, September, and October of 2020. Concerned that petitioner's urine drug screen results were being diluted, Ms. Goldon required petitioner to submit to a blood test on August 5, 2020. The results showed that petitioner was positive for methamphetamine, amphetamine, and marijuana. Next, the DHHR worker testified that she made a referral for a Home Base service provider to work with petitioner

through behavioral therapy, but petitioner never followed up with services. She previously attempted to setup Home Base services for petitioner, but petitioner never participated. She also stated that petitioner called his children only twice over the past few weeks despite his ability to speak with them at any time. She stated that petitioner's overall participation in the case had been sporadic and that he showed little to no effort in regaining custody of his children, as he only reached out to her twice and often failed to return her phone calls.

The circuit court found that petitioner was unlikely to fully participate in the terms and conditions of an improvement period given his "failure to fully participate in the Call-To-Test program, drug screening, and Home Base services." The court noted that petitioner's pending criminal case had been delayed due to petitioner's inability to remain drug-free. The court reasoned that the "period of time that this has been pending is not a waste of time because [petitioner] still had the opportunity to participate in services." Ultimately, the circuit court concluded that termination of petitioner's parental rights was in the children's best interest and necessary for their welfare and further found that petitioner was unable or unwilling to provide adequately for the children. The court also found that there was no reasonable likelihood that the conditions of abuse could be corrected in the near future. The circuit court's November 20, 2020, dispositional order reflected this termination.[3] It is from this dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying his motion for an improvement period. According to petitioner, the evidence presented at the July of 2020 hearing showed that he was likely to comply with the terms of an improvement period as he was employed, living independently, mostly compliant with drug screening, and participating in supervised visitations with his children. Finally, petitioner argues that the circuit court's delay in ruling on his motion for an improvement period prejudiced him as it "disheartened" him and "discouraged" his participation in the case.

---

[3]As the mother's parental rights were also terminated below, the permanency plan for the children is adoption by their relative foster family.

3

The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . ."). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence that the respondent is likely to fully participate in the improvement period.'" *In re Charity H.*, 215 W. Va. 208, 215, 599 S.E.2d 631, 638 (2004). However, the circuit court has discretion to deny an improvement period when no improvement is likely. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002).

We find that petitioner failed to demonstrate that he was likely to fully participate in an improvement period. Ms. Goldon testified that petitioner's participation in drug screening became sporadic after March of 2020 and that upon suspecting that petitioner's urine samples had been diluted, ordered petitioner to undergo a blood test. Petitioner submitted to the blood test on August 5, 2020, the results of which showed that he was positive for methamphetamine, amphetamine, and marijuana. Ms. Goldon also testified that petitioner tested positive for alcohol throughout the proceedings despite the requirement that he abstain from alcohol while participating in the "Call-To-Test program" with North Central. Further, Ms. Goldon testified that petitioner continued to test positive for marijuana throughout the proceedings, and petitioner testified at the July of 2020 hearing that he last used marijuana on July 1, 2020. Additionally, the DHHR worker testified that petitioner failed to participate with Home Base services. She also stated that petitioner's overall participation in the case had been sporadic, that he showed little to no effort in gaining back custody of his children, and that he failed to stay in touch with her about his case.

While petitioner testified that he had independent housing and employment at the July of 2020 hearing, he failed to appear at the October of 2020 hearing to present evidence that he remained employed and still had independent housing. Further, Ms. Goldon's and the DHHR worker's testimonies remained unrebutted. Indeed, on appeal petitioner concedes that he did not fully participate in his case due to his being "disheartened" and "discouraged." As noted above, the burden for proving a likelihood of fully participating in an improvement period rests with the respondent parent, and here, petitioner failed to meet that burden. *See Charity H.*, 215 W. Va. at 215, 599 S.E.2d at 638. Accordingly, we find no error in the circuit court's decision to deny petitioner an improvement period.

In support of his lone assignment of error, petitioner also asserts that the circuit court failed to comply with the Rules of Child Abuse and Neglect Proceedings regarding timelines for disposition, and specifically cites Rule 5, which provides that "[u]nder no circumstances shall a child abuse and neglect proceeding be delayed pending the initiation, investigation, prosecution, or resolution of any other proceeding, including, but not limited to, criminal proceedings." Here, the record shows that the court explicitly stated at several hearings that it was waiting to rule on petitioner's motion for an improvement period pending the outcomes of petitioner's criminal competency evaluation and criminal case. As a result of the delay, the circuit court ruled upon petitioner's motion for an improvement period nearly ten months after its filing, as petitioner

moved for an improvement period in January of 2020 and the court denied the motion in October of 2020.

We have previously held that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W. Va. 390, 686 S.E.2d 41 (2009). Although petitioner asserts that the circuit court's delay in ruling upon his motion for an improvement period prejudiced him by disheartening him and discouraging his participation in the case, the evidence shows that petitioner suffered no prejudice as he was given more time to comply with drug screening, supervised visitations, and Home Base Services, yet failed to avail himself of these services. As such, we cannot find that the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes were substantially disregarded or frustrated such that vacation of the order is warranted. Accordingly, we find that petitioner is entitled to no relief in this regard.

Nonetheless, we recently addressed the failure of circuit courts to adhere to statutory requirements and deadlines in abuse and neglect matters.

> The procedural and substantive requirements of West Virginia Code § 49-4-601 *et seq.*, the Rules of Procedure for Child Abuse and Neglect [Proceedings], and our extensive body of caselaw are not mere guidelines. The requirements contained therein are not simply window dressing for orders which substantively fail to reach the issues and detail the findings and conclusions necessary to substantiate a court's actions. The time limitations and standards contained therein are mandatory and may not be casually disregarded or enlarged without detailed findings demonstrating exercise of clear-cut statutory authority.

*State ex rel. S.W. v. Wilson*, 243 W. Va. 515, 520, 845 S.E.2d 290, 295 (2020). We caution the circuit court that "'[c]hild abuse and neglect cases must be recognized as being among the highest priority for the courts' attention. Unjustified procedural delays wreak havoc on a child's development, stability and security.' Syl. Pt. 1, in part, *In re Carlita B.*, 185 W. Va. 613, 408 S.E.2d 365 (1991)." Syl. Pt. 4, *In re J.G.*, 240 W. Va. 194, 809 S.E.2d 453 (2018).

For the foregoing reasons, we find no prejudicial error in the decision of the circuit court, and its November 20, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: October 13, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton